# Morgan Lewis

# MEMO ENDORSED

**Christopher M. Wasil**
Associate
+1.860.240.2719
christopher.wasil@morganlewis.com

June 10, 2020

**VIA ECF**

Hon. Edgardo Ramos
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, NY  10007

> Defendant is directed to respond by Monday, June 15, 2020.
>
> It is SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated:  6/11/2020
> New York, New York

Re:   *Hicks v. Leslie Feely Fine Art, LLC, et al.*, No. 1:20-cv-1991-ER

Dear Judge Ramos:

We represent Plaintiff Marianne Hicks in the above-captioned action.  Pursuant to Local Civ. R. 37.2 and Rule 2.A.i. of Your Honor's Individual Practices, Plaintiff respectfully requests a teleconference with the Court to discuss the baseless refusal by Defendant Leslie Feely Fine Art, LLC ("Defendant") to respond substantively to the vast majority of jurisdictional discovery requests propounded by Plaintiff (the "Requests") (Ex. A).  Plaintiff needs the information and documents that Defendant is improperly withholding in order to prepare her opposition to Defendant's pending motion to dismiss, dated June 8, 2020 ("MTD Motion").  That MTD Motion seeks a ruling from this Court, as a matter of law, that the value of the painting at issue is less than the $75,000 amount-in-controversy threshold for diversity jurisdiction to lie, and Plaintiff's opposition to it is currently due July 8, 2020. As extensive attempts to resolve these disputes by agreement have failed, as Defendant has unreasonably refused to extend Plaintiff's deadline to oppose the MTD Motion pending the resolution of this discovery dispute, and as Plaintiff's ability adequately to oppose the MTD Motion is prejudiced by Defendant's refusal to produce the discovery sought, Plaintiff must therefore seek from the Court, on an expedited basis:  (a) an order compelling Defendant to produce the documents and information it is wrongfully withholding; and (b) an extension of the deadline by which Plaintiff must oppose the MTD Motion to 14 days after Defendant produces any discovery it is ordered by the Court to produce.

## I.   Background

This action arises from Defendant's sale of a painting by Plaintiff under the false pretense that it was authored by the late artist Friedel Dzubas.  Plaintiff asserts a conversion claim against Defendant and John Doe (the anonymous buyer of the painting), and a replevin claim against John Doe.

On April 1, 2020, Defendant filed a letter seeking a pre-motion conference prior to filing a motion to dismiss, and seeking a stay of discovery other than jurisdictional discovery.  *See* Dkt. 8.  On April 6, 2020, Plaintiff filed a letter responding to Defendant's arguments and opposing its request for a stay of discovery.  *See* Dkt. 10.  On May 8, 2020, this Court held a pre-motion conference (the "May 8 Hearing") (*see* Dkt. 18 ("Tr.")), at which Defendant previewed the grounds upon which it intended to move for dismissal, including, among others, lack of subject matter jurisdiction based on the

Hon. Edgardo Ramos
June 10, 2020
Page 2

amount in controversy. Defendant requested that it be permitted to take jurisdictional discovery within two weeks, which the Court granted. *Id.*, at 14:6–14. The Court also permitted Plaintiff to take her own jurisdictional discovery, and further ruled that "**discovery will not be stayed**." *Id.*, at 14:15–15:8 (emphasis added). On May 15, 2020, the Court entered a Civil Case Discovery Plan and Scheduling Order that does not stay discovery. Dkt. 17.

## II. **Plaintiff's Jurisdictional Discovery Requests Are Proper.**

As Your Honor stated at the May 8 Hearing, "[a]rt . . . is sui generis." Tr., at 7:20–21. To illustrate that point, Your Honor noted: "[T]his work now even by Ms. Hicks could be worth a lot more money by virtue of the fact that . . . she created it while she was in a relationship with Mr. Dzubas." *Id.*, at 8:22–25. The Court's comments accurately reflect New York law. "[W]here the converted property is **unique and irreplaceable**, such as an original **work of art**, the damages are measured by its **value at the time of trial**." *Ruffalo v. Coffaro*, 1989 WL 83397, at *4 (E.D.N.Y. July 11, 1989) (emphasis added) (citing *Will of Rothko*, 392 N.Y.S.2d 870, 874 (1st Dep't 1977)). Where a conversion claim arises from the wrongful sale of artwork, evidence "probative of value" for purposes of the amount in controversy includes—in addition to the sale price—the "Christie's catalogue appraisal of $50,000 to $80,000" and defendant's own estimation of the work's value. *Pagliai v. Del Re*, 2000 WL 122142, at *1 n.1 (S.D.N.Y. Jan. 31, 2000) (Cote, J.) (denying motion to dismiss).

Consistent with the above law, on May 20, 2020, Plaintiff served her Requests, consisting of five interrogatories and five document requests, all specifically tailored to discover evidence "probative of value," including—as in *Pagliai*—a request for documents relating to any appraisals of the painting at issue, and relevant correspondence between Defendant and the buyer. *Pagliai*, at *1 n.1.

## III. **Defendant's Concealment of Responsive Documents and Information is Improper.**

Defendant responded to Plaintiff's Requests on June 3, 2020. Defendant refused to provide **any** substantive responses, with the exception of a heavily redacted, single-page "invoice" purporting to show a purchase price for the painting of $40,000, but redacting the identity of the buyer. *See* Ex. B.[1] Defendant refused to answer any interrogatory or indicate that it lacks other responsive documents; it simply failed to produce them, despite their obvious relevance, based on specious objections.

First, Plaintiff is entitled, at this stage of the litigation, to learn the identity of the painting's buyer to allow her to make a demand for return of the property. *See In re Lumerman*, 19 Misc.3d 853, 856–57 (N.Y. Sur. 2008) (rejecting argument that identity of buyer of artwork is confidential and ordering immediate disclosure by defendant auction house where plaintiff sought to assert replevin claim against buyer, as Plaintiff does here). Plaintiff is also entitled to test, through discovery taken from the buyer, the veracity of Defendant's representations regarding the sale. Likewise, Plaintiff is entitled to determine if the buyer resold the painting and, if so, at what price, which are facts that bear directly on the painting's value, and thus on the MTD Motion. Defendant's refusal to disclose John Doe's identity, and its redaction of John Doe's information from its document production—when there is **no** privilege that even arguably applies—is improper. Defendant is concealing information

---

[1] Defendant also produced Plaintiff's 2005 bankruptcy petition. This document is not responsive to any of Plaintiff's requests, and was likely included to intimidate Plaintiff. Plaintiff also seeks to use this document, mentioned nowhere in the Complaint, to support factual contentions made in its MTD Motion (none of which are properly resolvable, as a matter of law, on a motion to dismiss).

that is relevant to this Court's subject matter jurisdiction, and that otherwise falls well within the broad scope of discovery under Fed. R. Civ. P. 26.

Second, because Plaintiff's painting "is unique and irreplaceable," the amount of damages for her conversion claim will be "measured by its value at the time of trial." *Ruffalo*, at *4. Evidence "probative of value" of artwork for the purposes of the amount in controversy includes—in addition to the sale price (the veracity of which Plaintiff is entitled to test by seeking discovery from John Doe)—appraisals and the defendant's own estimations of the work's value. *See Pagliai*, 2000 WL 122142, at *1 n.1. Even then, however, as Your Honor aptly noted, "[t]his work now even by Ms. Hicks could be worth a lot more money by virtue of the fact that . . . she created it while she was in a relationship with Mr. Dzubas." Tr., at 8:22–25. Defendant has no right to obstruct discovery relating to the value of the painting and, at the same time, to seek a ruling from the Court dismissing the case, based on the Court's determination of the value of the painting, as a matter of law.

Relatedly, Defendant asserts that it need not respond substantively to Plaintiff's Requests because it disagrees with Plaintiff's damages theory. No party has any right to condition its production of discoverable information on demanding to obtain, first, a plaintiff's theory of damages (and then, ostensibly, agreeing with it, which we would hardly expect a defendant to do at the outset of a case). Should the parties disagree on the theory of damages applicable here, it will be for the Court to resolve that dispute at the appropriate time (which is not now). In the meanwhile, Defendant must produce the discoverable information that it has wrongfully withheld.

Third, Plaintiff's Requests are not contention interrogatories and are not precluded by Rule 33.3. As a threshold matter, during the May 8 Hearing, Your Honor ruled that "discovery will not be stayed." Tr., at 15:8. Any suggestion by Defendant that only jurisdictional discovery is permitted at this time is therefore baseless. Plus, Rule 33.3(a) permits interrogatories "seeking names of witnesses with knowledge of information relevant to the subject matter of the action[.]" For this reason alone, Defendant's refusal to provide John Doe's identity and contact information is improper. Moreover, Rule 33.3(b) provides that interrogatories beyond those listed in subsection (a) may be served if "they are a more practical method of obtaining the information sought than a request for production or a deposition." That is plainly the case here, especially considering the difficulty of taking depositions during the current pandemic. Moreover, Rule 33.3 also does not apply to document requests.

Thus, even if the Requests exceed the scope of jurisdictional discovery (and they do not), Defendant would be obligated to respond substantively within 30 days of service (*i.e.*, on June 19, 2020). Defendant has recently taken the position that it was not obligated to respond to them within 14 days, because Defendant self-servingly maintains that they do not relate to jurisdictional issue, but also it is not obligated to respond to them even within 30 days, because Plaintiff labeled them as jurisdictional discovery requests. Plaintiff respectfully submits that this Court should not countenance such transparent gamesmanship and obstruction of the discovery process, particularly given that Plaintiff's Requests likely do not require Defendant to collect more than a handful of documents or to spend more than a few hours preparing written responses.

### IV. Plaintiff is Forced to Seek Relief on an Expedited Basis.

Given that Defendant is improperly withholding documents and information necessary for Plaintiff to oppose Defendant's MTD Motion by July 8, 2020, Plaintiff sought Defendant's consent for a brief extension of time to file her opposition brief pending the outcome of this discovery dispute. Without explanation, Defendant rejected Plaintiff's request. Plaintiff therefore must regretfully ask that the Court treat the instant request for a teleconference as an urgent request.

Hon. Edgardo Ramos
June 10, 2020
Page 4

Sincerely,

*[signature]*

Christopher M. Wasil


cc: All counsel of record (via ECF)